**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF COOK, ILLINOIS; SHERIFF THOMAS J. DART, individually and in his official capacity; NNEKA JONES TAPIA, individually and in her official capacity; DOES 1-10, in their individual and official capacities,<br><br>Defendants. | Case No.: 16-cv-6862<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 U.S.C. §1983 AND DAMAGES** |

## I. INTRODUCTION

1. Plaintiff, PRISON LEGAL NEWS ("PLN" or "Plaintiff"), a registered trade name of the HUMAN RIGHTS DEFENSE CENTER, brings this action to enjoin Defendants' censorship of PLN's monthly journal, *Prison Legal News*, and other publications from Plaintiff and other publishers sent to prisoners at the Cook County Jail (the "Jail"), in violation of the First and Fourteenth Amendments of the United States Constitution. Defendants have adopted and implemented mail policies prohibiting delivery of written speech from Plaintiff and other speakers, failing to provide due process notice of and an opportunity to challenge the censorship, and denying Plaintiff equal protection as required under the Constitution.

## II.     JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. § 1391(b). At least one Defendant resides within this judicial district, and the events giving rise to the claims asserted herein all occurred within this judicial district.

4. Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiff by the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and the laws of the United States.

5. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure, as well as nominal and compensatory damages, against all Defendants.

6. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

7. Plaintiff is informed, believes, and based thereon alleges that the individual Defendants acted as described herein with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving it of its constitutional rights.

8. As a result of the foregoing, Plaintiff seeks compensatory and punitive damages against the individual Defendants.

### III. PARTIES

9. Plaintiff PLN is a registered trade name of the Human Rights Defense Center (HRDC), a not-for-profit, Washington charitable corporation recognized under § 501(c)(3) of the Internal Revenue Code with principal offices in Lake Worth, Florida. HRDC publishes *Prison Legal News*, a monthly newsprint journal of prison news and analysis, as well as books concerning prisoner rights issues. HRDC also distributes other publications related to prisons, and corresponds regularly with prisoners regarding constitutional issues and potential violations of their civil rights.

10. Defendant Thomas J. Dart is currently the Sheriff of Cook County and is sued in his individual and official capacities. At all times relevant, he acted under the color of state law. Defendant Dart has ultimate responsibility for the promulgation and enforcement of all Jail staff policies and procedures and is responsible for the overall management of the Jail, including all aspects of the Jail's mail services.

11. Defendant Nneka Jones Tapia is the Executive Director of the Cook County Jail. Defendant Tapia supervises and manages the daily operations of the Jail and mailroom staff, to include enactment and enforcement of all Jail policies, including mail.

12. Defendant Cook County is a unit of government organized and existing under the laws of the State of Illinois. Defendant County of Cook is and was at all relevant times mentioned herein, responsible for the policies, procedures, customs and practices of the Cook County Sheriff's Department ("the Sheriff's Department" or "the Department") and the actions and/or inactions of its employees and agents. The Department operates the Cook County Jail ("Jail"), and is and was responsible for adopting and implementing mail policies governing incoming

3

mail for prisoners at the Jail. Said policies and practices are and were the moving force behind the constitutional violations at issue herein.

13. The true names and identities of Defendants DOES 1 through 10 are presently unknown to PLN. Each of Defendants DOES 1 through 10 are or were employed by and are or were agents of Defendants when some or all of the challenged inmate mail policies and practices were adopted and/or implemented. Each of Defendants DOES 1 through 10 were personally involved in the adoption and/or implementation of the mail policies at the Jail, and/or were responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and/or control of Jail staff who interpret and implement these mail policies. PLN will seek to amend this Complaint as soon as the true names and identities of Defendants DOES 1 through 10 have been ascertained.

14. At all times material to this action, the actions of all Defendants as alleged herein were taken under the authority and color of state law.

### IV. FACTUAL ALLEGATIONS

15. PLN publishes and distributes a soft-cover monthly journal titled *Prison Legal News: Dedicated to Protecting Human Rights*, which contains news and analysis about prisons, jails and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals. The monthly journal is published on newsprint and is 72-pages long.

16. PLN has thousands of subscribers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. PLN distributes its monthly publication to prisoners and law librarians in more than 2,600

correctional facilities located across all fifty states, including the Federal Bureau of Prisons and the Illinois Department of Corrections.

17. PLN also publishes and/or distributes approximately fifty different softcover books about the criminal justice system, legal reference books, and self-help books of interest to prisoners. These books are designed to foster a better understanding of criminal justice policies and to allow prisoners to educate themselves about related issues, such as legal research, how to write a business letter, health care issues, and similar topics.

18. The purpose of PLN, as stated in HRDC's Articles of Incorporation, Article III, Part 6, is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society.

19. PLN engages in core protected speech and expressive conduct on matters of public concern, such as the operation of prison facilities, prison conditions, prisoner health and safety, and prisoners' rights. Plaintiff's monthly journal, as described above, contains political speech and social commentary, which are core First Amendment rights and are entitled to the highest protection afforded by the U.S. Constitution.

20. For more than 25 years, the focus of PLN's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. PLN's mission, if realized, has a salutary effect on public safety.

    A. <u>Defendants' Unconstitutional Mail Policies and Practices</u>

21. Defendants' jail mail policy and practice bans incoming newspapers and newsprint publications.

22. The Jail enforces this unlawful policy and practice in spite of the Honorable Matthew F. Kennelly's Order declaring the unconstitutionality of the same. *See Koger v. Dart et al.*, 114 F. Supp. 3d 572, 584 (N.D. Ill. 2015) ("Defendants have failed to raise a genuine dispute of fact regarding whether the jail's newspaper ban is reasonably related to institutional security. The Court therefore concludes that the jail's policy banning newspapers is unconstitutional).

23. On information and belief, since the entry of the Order in *Koger*, *supra*, Defendants have allowed other publications into the Jail, while continuing to censor *Prison Legal News* because it is published in newsprint, in violation of the free speech clause to the First Amendment, the Equal Protection and Due Process Clauses to the Fourteenth Amendment, and the specific holding in *Koger*, *supra*.

24. Also on information and belief, Defendants have censored softcover books sent directly from Plaintiff to prisoners at the Jail in violation of the First Amendment to the U.S. Constitution. Specifically, Defendants have censored copies of the book, *Prisoners Guerilla Handbook to Correspondence Programs in the United States & Canada* ("*Prisoners' Handbook*"), which provides prisoners information on enrolling at accredited higher educational, vocational, and training schools. Defendants have also allowed other softcover books from publishers into the Jail, while specifically excluding the aforementioned book from Plaintiff, and books from other publishers.

25. Furthermore, Defendants' unlawful censorship of *Prison Legal News* and the *Prisoner's Handbook* failed to afford Plaintiff any notice of the censorship or provide it with an opportunity to appeal in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

26. Said mail policies and practices are the moving force behind the constitutional

violations at issue herein.

27. The accommodation of the free speech, expression, equal protection and due process rights of Plaintiff with respect to written speech protected by the Constitution will not have any significant impact on the prison, its staff or prisoners.

28. Due to Defendants' actions as described above, Plaintiff has suffered damages, and will continue to suffer damages, including, but not limited to: the suppression of Plaintiff's speech; the impediment of Plaintiff's ability to disseminate its political message; frustration of Plaintiff's non-profit organizational mission; the loss of potential subscribers and customers; and the inability to recruit new subscribers and supporters, among other damages.

29. Defendants' actions and inactions were and are motivated by ill motive and intent, and were and are all committed under color of law with reckless indifference to PLN's rights.

30. Defendants, and other agents of the Jail, are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them. Further, Defendants are responsible for training and supervising the staff persons whose conduct has injured and continues to injure PLN.

31. Defendants' unconstitutional policy, practices, and customs are ongoing, continue to violate PLN's rights, and were and are the moving force behind the injuries Plaintiff suffered as a direct result of the constitutional violations. As such, PLN has no adequate remedy at law.

32. PLN is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications and correspondence from Plaintiff and other senders without any legal justification, and prohibiting Defendants from censoring mail without due process of law.

B. <u>Defendants' censorship of *Prison Legal News*, violation of equal protection under the law, and lack of due process</u>

33. Since March 2015, PLN has sent at least one hundred and twelve (112) issues of its monthly journal to prisoner subscribers at the Jail. On information and belief, Defendants failed to deliver each of these monthly issues to the intended recipients at the Jail.

34. PLN will continue to mail copies of *Prison Legal News* to subscribers imprisoned at the Jail.

35. There is no legitimate penological reason for censorship of PLN's monthly journal.

36. On information and belief, Defendants have also instituted a policy and practice of allowing other publications into the Jail, while disallowing copies of *Prison Legal News* in violation of PLN's equal protection rights.

37. Defendants also failed to provide PLN with constitutionally adequate due process notice of the censorship and a meaningful opportunity to appeal.

C. <u>Defendants' censorship of the *Prisoners' Handbook*, violation of equal protection under the law, and lack of due process</u>

38. Since March 2015, Defendants have censored seventeen (17) copies of the *Prisoner's Handbook* sent to prisoners at the Jail. On information and belief, Defendants failed to deliver each of these copies to the intended recipients at the Jail.

39. PLN will continue to mail copies of the *Prisoners' Handbook* and other softcover books to subscribers imprisoned at the Jail.

40. There is no legitimate penological reason for censorship of the *Prisoners' Handbook*.

41. On information and belief, Defendants have also instituted a policy and practice of allowing softcover books sent from other publishers into the Jail, while disallowing copies of the *Prisoners' Handbook* in violation of PLN's equal protection rights.

42. Defendants also failed to provide PLN with constitutionally adequate due process notice of the censorship and a meaningful opportunity to appeal.

## IV. CLAIMS

### Count I – 42 U.S.C. § 1983
*Violation of the First Amendment (Censorship)*

43. PLN realleges and incorporates the allegations of Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. The acts described above constitute violations of Plaintiff's rights, the rights of other publishers who have attempted to or intend to communicate with prisoners at the Jail, and the rights of the prisoners confined at the Jail, under the First Amendment to the United States Constitution.

45. Plaintiff has a constitutionally protected liberty interest in communicating with incarcerated individuals, a right clearly established under existing case law.

46. The conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others and in willful violation of a previous Order from a Judge of this Judicial District.

47. Plaintiff's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

48. Defendants' acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

49. Plaintiff seeks declaratory and injunctive relief, and nominal, compensatory and punitive damages against all Defendants. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

### Count II – 42 U.S.C. § 1983
*Violation of Fourteenth Amendment (Due Process)*

50. PLN realleges and incorporates the allegations of Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. The acts described above constitute violations of Plaintiff's rights and the rights of other publishers who have attempted to or who intend to communicate with prisoners at the Jail under the Fourteenth Amendment to the United States Constitution.

52. Because Plaintiff and others outside the jail have a liberty interest in communicating with prisoners, PLN and other senders have a right under the Due Process Clause of the Fourteenth Amendment to receive notice of and an opportunity to appeal Defendants' decisions to censor their written speech.

53. Defendants' policy and practice fail to provide Plaintiff and other senders with adequate notice and an opportunity to be heard.

54. The conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

55. Plaintiff's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which are and were the moving force of the violations.

56. Defendants' acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

57. Plaintiff seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

### Count III – 42 U.S.C. § 1983
*Violation of the Fourteenth Amendment (Equal Protection)*

58. PLN realleges and incorporates the allegations of Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. By permitting some publications on newsprint, as well as some softcover books, while specifically excluding *Prison Legal News* and the *Prisoners' Handbook*, violated Plaintiff's right to equal protection as guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

60. Plaintiff is suffering ongoing and irreparable harm as a direct result of Defendants' discriminatory treatment, and the harm will continue unless the conduct is enjoined by this Court.

61. Defendants' conduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

62. Plaintiff's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which are and were the moving force of the violations.

63. Defendants' acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

64. Plaintiff seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

### V. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

65. A declaration that Defendants' policies and practices violate the Constitution.

66. Nominal damages for each violation of Plaintiff's rights by the Defendants.

67. A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

68. Compensatory damages in an amount to be proved at trial.

69. Punitive damages against the individual Defendants in an amount to be proved at trial.

70. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

71. Any other such relief that this Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff, Prison Legal News, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

Respectfully Submitted,

/s/ Matthew Topic
Jonathan Loevy
Arthur Loevy
Matthew Topic
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

/s/ Lance Weber
Lance Weber, Fla. Bar No.: 104550*
Sabarish Neelakanta, Fla. Bar No.: 26623*
Human Rights Defense Center
PO Box 1151
Lake Worth, FL 33460
(561) 360-2523

*Pro Hac Vice applications to be filed